**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION,**

**JOSHUA D. FRANKLIN,**

     **Plaintiff,**

**vs.**                       **CASE NO. 4:22-CV-00388-AW-MAF**

**RON DESANTIS,
Governor, State of Florida,**

     **Defendant.**
_____/

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, Joshua D. Franklin, is a state prisoner proceeding *pro se* who is no stranger to the federal courts. Plaintiff initiated this case with a complaint filed pursuant to 42 U.S.C. § 1983. ECF No. 1. Despite Plaintiff's familiarity with the federal court system, he did not disclose his litigation history as required, and did not file a motion to proceed *in forma pauperis* (IFP) or, alternatively, pay the requisite filing fee. <u>See</u> ECF No. 1. As explained below, this case should be dismissed as a sanction for Plaintiff's gross abuse of the judicial process.

## I.  Standard of Review

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or

fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court may also dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a *pro se* litigant's allegations are entitled to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, supra.

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable

to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

## II.   Plaintiff's Complaint, ECF No. 1.

Plaintiff sues three defendants solely in their official capacities: Ron DeSantis, Governor of Florida; Mark Glass, Commissioner of the Florida Department of Law Enforcement (FDLE); and Christopher Wray, Director of the Federal Bureau of Investigations (FBI). ECF No. 1, pp. 1-3. Plaintiff claims that state and federal officials are using "new technology" ("Moderna Technologies and Moderna computers") to kill him. ECF No. 1, p. 5. Plaintiff was "placed into" their system on September 2, 2021. Id. Plaintiff claims his constitutional rights under the Fourth-, Eighth-, and Fourteenth Amendments were somehow violated and that Defendants "are responsible for protecting [his] life and . . . constitutional rights." Id.

Plaintiff claims that the technology has the power to kill people with radioactive signals from "hundreds and thousands of miles" away. The radioactive signals connect to the microchip implanted through COVID-19

vaccines (Pfizer-BioNTech and Moderna). Id., pp. 5-6. The United States and the State of Florida authorized these technologies but not for the purpose of causing death. Id., p. 6. Plaintiff claims that Defendants are guilty of failure to act, investigate, or supervise these technologies, which are causing millions of deaths around the world. Id. The technologies are sending Plaintiff into a suicidal "frenzy" causing significant psychological damage and emotional distress. Id. Plaintiff charges that those who use the technology are guilty of attempted murder and conspiracy to commit murder. Id.

Plaintiff charges Defendants with failure to act under Section 1983 and charges the U.S. Department of Defense (DoD) with "mass genocide" via the COVID-19 vaccines, although DoD is not named as a defendant (nor is any DoD official). Id. Plaintiff claims that the "mind watching reading capabilities" of the technology amount to an "unwarranted search and seizure in violation of the Fourth Amendment." Id., p. 7. According to Plaintiff, the radiation signals are cruel and unusual punishment under the Eighth Amendment. Id.

As relief, Plaintiff asks the Court for an order banning the Pfizer and Moderna "technologies" (vaccines) from use in the United States; an order directing Defendants to arrest those who employ the technology; and

$1,000,000 per day from September 2, 2021, through the resolution of this case. Id., p. 7.

Overall, the complaint is an impermissible shotgun pleading because Plaintiff fails to articulate a set of facts attributing certain acts or omissions against each defendant. See Weiland v. Palm Beach Cty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015). Legal conclusions will not suffice. Ordinarily, the Court would grant a litigant an opportunity to amend his complaint to correct the deficiencies. However, Plaintiff's misrepresentations in his complaint are so egregious that the Court should forgo that courtesy.

This is not Plaintiff's first attempt to litigate these claims. Plaintiff admits that he has "been filing constantly for months" about the same allegations. ECF No. 1, p. 5. Presumably, this is not Plaintiff's last case on the matter. Plaintiff intends to prove that COVID vaccinations are part of a massive conspiracy to kill billions of people worldwide. Id., pp. 9-11. But, as a prisoner proceeding pro se, Plaintiff is obligated to disclose all his federal litigation history, under the penalty of perjury; and, clearly, he did not do so. Plaintiff's admission of his constant filings cannot not substitute for the requisite disclosures.

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of Plaintiff's long history of frivolous litigation in the federal courts. Plaintiff filed

at least one federal case in the District of Columbia, no less than nine federal cases in the Middle District of Florida, and seven more in the Northern District of Florida before the instant case. Several of these cases count as strikes under the Prison Litigation Reform Act (PLRA). Plaintiff also filed numerous appeals in the Eleventh Circuit Court of Appeals. Plaintiff is undoubtedly familiar with the rules governing these proceedings; and courts advised Plaintiff on multiple occasions how to properly complete the Section 1983 complaint form and that the failure to state a claim will result in dismissal.

Plaintiff filed no less than sixteen federal cases in Florida, not including his appeals. He disclosed just three. This Report only discusses the most relevant cases. The Court will not assume Plaintiff's obligation to fully disclose his litigation history under the penalty of perjury. Plaintiff's litigation history is discussed below.

## III.  Discussion

### A.  Plaintiff is a Three-Striker Under the PLRA

The PLRA prohibits a prisoner from bringing forward a civil action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff's complaint does not present sufficient allegations to show that -- at the time he initiated this case -- he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). He alleges he received the COVID-19 vaccination in 2021 and continues to suffer psychological delusions. ECF No. 1, pp. 8-9. Plaintiff does not allege he is in need of- or has been denied any medical treatment. See generally, ECF No. 1. Plaintiff does not suggest that any of the Defendants subjected him to any medical treatment or that they denied him medical treatment. Id.

Because Plaintiff has more than three prior qualifying dismissals and does not meet the exception, the Court should dismiss Plaintiff's complaint without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." Id.

Plaintiff is a vexatious litigant having filed numerous actions pursuant to Section 1983 or Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), in the Northern District of Florida, the Middle District of Florida,

and the District of Columbia, which count as strikes and which he failed to disclose:

1. <u>Franklin v. Petersen, et al.</u>, No. 4:16-cv-00470-MW-MJF (N.D. Fla. dismissed Dec.10, 2018) (failure to exhaust administrative remedies).

2. <u>Franklin v. Sec'y Fla. Dep't of Corr.</u>, No. 3:22-cv-00513-BJD-PDB (M.D. Fla. dismissed Jun. 7, 2022) (failure to state a claim).

3. <u>Franklin v. DeSantis, et al.</u>, No. 3:22-cv-687-BJD-LLL (M.D. Fla. dismissed Jul. 19, 2022) (failure to state a claim).

4. <u>Franklin v. Sec'y, Fla. Dep't of Corr.</u>, No. 3:22-cv-00699-BJD-JBT (M.D. Fla. dismissed Jul. 19, 2022) (failure to state a claim).

5. <u>Franklin v. Fla. Dep't of Corr., et al.</u>, No. 3:22-cv-758-BJD-LLL (M.D. Fla. dismissed Jul. 13, 2022) (failure to state a claim).

6. <u>Franklin v. United States, et al.</u>, No. 1:22-cv-02203-UNA (D.D.C. dismissed Aug. 5, 2022) (frivolous).

Even if the court were to recommend that Plaintiff be permitted to proceed IFP, his case would be subject to a recommendation of dismissal based on Plaintiff's abuse of the judicial process by not disclosing his prior litigation history.

B. <u>Plaintiff Affirmatively Misrepresented His Litigation History</u>

Prisoners are required to accurately disclose their litigation history on

the complaint form under the penalty of perjury. Any affirmative misrepresentations constitute an abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under §§ 1915(E)(2)(B)(i) and 1915(b)(1). See Ealy v. CCA, 2015 U.S. Dist. LEXIS 173850, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete this section of the form. The time spent verifying the cases a plaintiff filed but failed to identify, as well as the claims raised in those cases and the final disposition can be considerable.  Plaintiff's *pro se* status does not excuse him from conforming to the rules governing these proceedings. If the Court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Section VIII of the complaint form, titled "PRIOR LITIGATION," requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court. See ECF No. 1, pp. 12-16. Question A of Section VIII asks, "Have you had any case in federal court, including federal appellate

court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service? . . . If "yes," identify the case number, date of dismissal, and court for each case." Id., p. 13.  Plaintiff marked "Yes" and identified one case -- Case No. "4:16-cv-147-MJF"-- as being filed in Northern District of Florida Tallahassee Division. Id. This case does not belong to Plaintiff at all.[1] Plaintiff listed none of the strikes against him.

Question B asks, "Have you filed other lawsuits or appeals in state or federal court dealing with the same facts or issue involved in this case?" Id., p. 14. Plaintiff marked "Yes" and listed just two cases: N.D. Fla. Case No. 4:22-cv-00021-[WS]-MAF, Franklin v. Leon County Sheriff's Office, et al., voluntarily dismissed, and M.D. Fla. Case No. 8:22-cv-00992-MSS, Franklin v. DeSantis. Id. Plaintiff claims that the reason for the dismissal of Case No. 8:22-cv-00992-MSS is "unknown," but the undersigned verified that "992" was dismissed because it was filed in the wrong jurisdiction. Id. The problem with Plaintiff's response to this question is that he failed to disclose that, prior to the instant case, he presented the same allegations in *six additional* cases in three different jurisdictions:

---

[1] The actual case number in this district is 4:16-cv-00147-RH-CAS and is styled as Graham v. Medicredit Inc. The case was filed pursuant to the Fair Debt Collection Act. In an effort to determine whether Plaintiff made an innocent error in providing the case number or in identifying the proper federal court, the undersigned also reviewed cases in the Middle District of Florida, but the case number provided by Plaintiff does not exist in that court.

1. <u>Franklin v. DeSantis, et al.</u>, No. 3:22-cv-00555-BJD-LLL, (M.D. Fla. dismissed May 20, 2022) (Plaintiff filed the case in the wrong jurisdiction and did not file a complete complaint form).

2. <u>Franklin v. DeSantis, et al.</u>, No. 3:22-cv-00687-BJD-LLL, (M.D. Fla. dismissed Jul. 19, 2022) (failure to state a claim and because Plaintiff's assertions were "fantastic[al]").[2]

3. <u>Franklin v. Fla. Dep't of Corr., et al.</u>, No. 3:22-cv-00758, (M.D. Fla. dismissed Jul. 13, 2022) (failure to state a claim because Plaintiff's claims were "fantastic or delusional," medical negligence is not cognizable under Section 1983, and claims failed under a theory of respondeat superior).[3]

4. <u>Franklin v. DeSantis</u>, No. 4:22-cv-00233-MW-MAF, (N.D. Fla. voluntary dismissal Aug. 16, 2022).

5. <u>Franklin v. Lewis, et al.</u> No. 4:22-cv-00258-AW-MJF (N.D. Fla. Report issued Oct. 20, 2022) (recommending dismissal as frivolous, report currently pending).

6. <u>Franklin v. United States of America, et al.</u>, No. 1:22-cv-02203-UNA, (D.D.C dismissed Aug. 5, 2022) (frivolous).

Question C asks, "Have you filed any other lawsuit, habeas corpus petition or appeal in state or federal court either challenging your conviction or relating to the conditions of your confinement." ECF No. 1, p. 14. Plaintiff

---

[2] This case should have been identified in response to Question A as well because it counts as a "strike" under the PLRA.

[3] Plaintiff sued different defendants than the ones he sues in the instant case, but his allegations are nearly identical.

marked "Yes" and listed five state cases and one federal case, D.D.C. Case No. 1:22-cv-2203-UNA, <u>Franklin v. United States, et al.</u>, which Plaintiff claimed was "pending" at the time he filed the instant case. <u>Id.</u>, pp. 14-16. Not so. The case was dismissed by the District of Columbia well before the instant filing; and, as stated above, it also counts as a strike because it was dismissed as "frivolous." An appeal remains pending in the D.C. Circuit Court of Appeals.[4] <u>See</u> D.D.C. Case No. 1:22-cv-2203-UNA, ECF No. 5. Plaintiff also failed to disclose other Section 1983 cases not listed in this Report which he filed in both the Middle- and Northern Districts of Florida and a habeas case in this Court, which remains pending. <u>See</u> N.D. Fla. Case No. 4:21-cv-00184-MW-MJF, <u>Franklin v. Dixon</u>.

The complaint form warns: "***Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the site of caution if you are uncertain whether a case should be identified.***" ECF No. 1, p. 12. Plaintiff knew that accurate disclosure of his litigation history is required and dismissal of the instant action might result from any untruthful answers to this section of the

---

[4] Plaintiff filed numerous appeals in different courts of appeals. Those cases are not listed in this Report because Plaintiff is obligated to disclose them under the penalty of perjury.

complaint form. If Plaintiff suffered no penalty for his untruthful responses to the questions on the complaint form, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the Court might be confronted with widespread abuse from its many prisoner litigants. This Court should not allow Plaintiff's affirmative misrepresentations to go unpunished.

The appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is dismissal without prejudice. See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

C. The Instant Case is Duplicative of an Earlier-Filed Case

The Eleventh Circuit has held that duplicative cases qualify for dismissal as malicious under § 1915(e)(2)(B). See Daker v. Ward, 999 F.3d 1300, 1305-06 (11th Cir. 2021) (dismissing prisoner case—as an abuse of the judicial process and malicious—where prisoner's complaint knowingly made the same or substantially similar challenges to a prison policy that the prisoner made in two other active federal cases against many of the same defendants).

As narrated above, Plaintiff filed at least six cases before filing the instant case, which raised the same allegations. Some were dismissed for failure to state a claim because Plaintiff's allegations were "fantastical"; another case remains pending in this Court, namely, N.D. Fla. Case No. 4:22-cv-00258-AW-MJF, Franklin v. Lewis, et al., where a report recommending dismissal is pending. Plaintiff's attempt to litigate the same claims against multiple defendants in multiple cases in multiple jurisdictions at the same time is a gross abuse of the judicial process. Dismissal is appropriate.

## IV. Conclusion and Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** without prejudice as malicious for abuse of the judicial

process by making affirmative misrepresentations and because the instant case is duplicative of a pending case (N.D. Fla. Case No. 4:22-cv-00258-AW-MJF, <u>Franklin v. Lewis, et al.</u>). Alternatively, the case may be dismissed because Plaintiff is a three-striker under the PLRA who does not meet the imminent danger exception.

Finally, it is also recommended that the case be **CLOSED** and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and counts as a strike under the PLRA.

IN CHAMBERS at Tallahassee, Florida on November 14, 2022.

<u>**s/ Martin A. Fitzpatrick**</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### <u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).